United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40640
Summary Calendar

---

CHRISTOPHER JULIAN SOLOMON,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-455
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Julian Solomon appeals the district court's denial
of his 28 U.S.C. § 2254 petition that challenged his conviction and
sentence for capital murder.  Solomon was sentenced to death, but
his death sentence was commuted to life in prison because Solomon
was 17 at the time the offense was committed.

Solomon was granted a certificate of appealability (COA) on
the issue whether the testimony of witness Virginia Wood was
material.  The testimony of Wood is material "if the false

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony could . . . in any reasonable likelihood have affected the judgment of the jury." Giglio v. United States, 405 U.S. 150, 154 (1971) (internal quotation marks and citation omitted). This determination is a mixed question of law and fact and is reviewed de novo. Valdez v. Cockrell, 274 F.3d 941, 946 (5th Cir. 2001); see Nobles v. Johnson, 127 F.3d 409, 416 (1997).

A review of the record reveals that Wood's testimony regarding Solomon's guilt was substantially corroborated by the testimony of other witnesses and that Solomon presented significant impeachment evidence against Wood. Solomon has not shown that there is a reasonable likelihood that Wood's testimony regarding her plea agreement affected the judgment of the jury. See Giglio, 405 U.S. at 153-55; Wilson v. Whitley, 28 F.3d 433, 439 (5th Cir. 1994).

AFFIRMED.